■ In the Matter of LEONARD FISHBAUM, Petitioner, v. ALFRED C. MAEVIS, as Commissioner of the Department of Public Works of the City of New York, Respondent.— Respondent's determination, dated October 19, 1972, denying petitioner's application for a master electrician's license, confirmed and the' petition dismissed, without costs and without disbursements.  An examination of this record demonstrates that the respondent properly discharged the duty imposed upon him by law to examine the qualifications of the petitioner and determine his fitness for the license.  The conclusion reached by the respondent is not arbitrary, capricious, or contrary to law and is properly within the exercise of his discretion.  Under the circumstances this court should not interfere.  Concur — Markewich, J. P., Murphy, Tilzer and Capozzoli, JJ.; Steuer, J., dissents in the following memorandum: The petitioner has been denied a license as a master electrician.  He had passed the written examination and field tests.  Denial of the license was predicated on a finding that he lacked the statutory qualification (Administrative Code of City of New York, § B30-10.0).  The code requires seven and one-half years of experience as a journeyman electrician.  There are also provisions for a shorter experience if the

applicant has certain prescribed educational credits. While petitioner claimed to be entitled to such credit, respondent found that he was not, and with that finding there is unanimous accord. Petitioner did claim to have eight years' experience as a journeyman. Respondent found that he had only four years of such experience. This finding was not based on any specific disagreement with petitioner's proof on that subject but rather on a rule of thumb adopted by the respondent (though not adopted in any formal regulation) to the effect that the first four years' experience of every candidate for a license shall be deemed to have been as an apprentice and that journeyman experience can only begin at the expiration of that four years. The statute contains no definition of "journeyman" and respondent concedes that the word is used in its ordinary dictionary sense. That would be one who has learned a handicraft or trade (Webster's New International Dictionary). It would therefore appear that what the statute requires is seven and one half years of work of the kind performed by one who has learned the trade, as distinct from one who is learning it. It is the kind of work done that constitutes the statutory test. Respondent's rule assumes that in every case the kind of work done by an applicant was not of that character until four years had elapsed. This assumption in effect amends the statute. It is not intended to imply that respondent's decision in this case may not have been correct and that petitioner did not in fact work as an apprentice for some period of time. But there is no finding that he did in fact so work for any part of his eight years' experience in the field. I would therefore remand the matter to respondent to make a finding on that issue based on the evidence and not on an a priori assumption.